UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | JUDGE RICHARD L. SPEER |
| Douglas/Christy Jerew ) | |
| ) | Case No. 06-33252 |
| Debtor(s) ) | |
| ) | |

### DECISION AND ORDER

This cause comes before the Court on the Motion of the Debtors to Avoid Judicial Liens on Residential Real Estate. The holder of the Liens to be Avoided, the Fahey Bank, objected to the relief sought by the Debtors. At the conclusion of the Hearing held on this matter, the Court took the matter under advisement so as to afford time to give the arguments raised by the Parties further consideration. The Court has now had this opportunity, and finds, for the reasons set forth herein, that the Debtors' Motion to Avoid Judicial Liens on Residential Real Estate should be Granted.

### FACTS

On November 11, 2006, the Debtors, Douglas and Christy Jerew, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). Approximately two years later, after receiving their discharge, but while their case was still being administered, the Debtors commenced this action to avoid two judicial liens held by the Creditor, the Fahey Bank. Regarding this Motion, the Parties placed before the Court the following undisputed facts:

At the time they filed their bankruptcy petition, the Debtors owned their own residence. The Debtors, citing to O.R.C. § 2329.66(A)(1), claimed an exemption in their residence in the amount of $10,000.00. This property is encumbered by two judicial liens held by the Fahey Bank in the respective amounts of $79,998.60 and $144,026.06. Both these liens, which the Debtors seek to avoid by way of the Motion now before the Court, are junior to two mortgage interests: a first

**In re: Douglas and Christy Jerew**
**Case No. 06-33252**

mortgage in the amount of $158,141.00; and a second mortgage in the amount of $101,211.00. At the time they filed their petition, the Debtors' residence had an estimated value of $100,140.00.

## DISCUSSION

Before this Court is the Motion of the Debtors to Avoid Judicial Liens on Residential Real Estate. Determinations concerning the "validity, extent, or priority of liens" are deemed by bankruptcy law to be a "core proceeding." 28 U.S.C. § 157(b)(2)(K). Accordingly, this Court has been conferred with the authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

In their Motion to Avoid Lien, the Debtors did not cite to any statutory authority for their action. Notwithstanding, given the tenor of the Parties' respective positions, it will be assumed that the Debtors are relying on 11 U.S.C. § 522(f)(1) for their Motion to Avoid Lien. This section provides, in pertinent part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> (A) a judicial lien, . . .

The intended functions of this provision are to protect a debtor's exempt property, and to act as a "device to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions." *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829 (1991). Its effect is to protect a debtor's future interest in the property encumbered by the lien because once the lien is avoided, it does not reattach to the property and, thus, the property is forever free of the lien. *In re Canelos*, 216 B.R. 159, 165 fn. 6 (Bankr. D. Md. 1997); 11 U.S.C. § 522(c).

Page 2

**In re: Douglas and Christy Jerew**
**Case No. 06-33252**

As taken from its statutory text, three elements must be satisfied for a debtor to avoid a lien under § 522(f)(1): (1) the lien must be a judicial lien; (2) the lien must be fixed against an interest of the debtor in property; and (3) the lien must impair an exemption to which the debtor would otherwise be entitled. *McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 473 (10th Cir. B.A.P. 1999). It is a debtor's burden to establish the existence of each of these elements. *See, e.g., In re Brasslet*, 233 B.R. 177, 189 (Bankr. D.Me.1999). The Debtors have, based upon the facts as presented to the Court, sustained this evidentiary burden.

First, the evidence before the Court indicates that the liens held by the Fahey Bank were neither obtained by consent nor arose by operation of law, but were rather procured through the legal process as the result of the Debtors' failure to satisfy a monetary obligation. This makes the liens "judicial liens" within the meaning of the Bankruptcy Code. A "judicial lien" is defined by the Code to mean a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). *Compare* 11 U.S.C. § 101(51) (defining the term "security interest" to mean a "lien created by an agreement."); 11 U.S.C. § 101(53) (defining the term "statutory lien" to mean a "lien arising solely by force of a statute on specified circumstances or conditions . . . ."). The Debtors have similarly satisfied their burden with respect to the second element of § 522(f)(1).

For a debtor to avoid a lien, the second element of § 522(f)(1) requires that the lien must be fixed against an interest of the debtor in property. The term fixed, as used in this provision, is generally understood to mean that the lien has attached to the property under applicable law. *In re Nielsen*, 197 B.R. 665, 667-68 (9th Cir. B.A.P. 1996). Addressing this requirement, the United States Supreme Court held that a debtor may only avoid a lien "where the lien attached to the debtor's interest at some point after the debtor obtained the interest." *Farrey v. Sanderfoot*, 500 U.S. at 296. While the Parties did not directly argue the issue, all indications show these legal requirements to be met, with the judicial liens of the Fahey Bank having attached to the Debtors' residence at a time

Page 3

**In re: Douglas and Christy Jerew**
**Case No. 06-33252**

when they maintained an ownership interest in the property. *See* O.R.C. § 2329.02 (a judgment lien arises and attaches to a debtor's interest in real property when a certificate of judgment is filed with the clerk of the court of common pleas in the county in which the real estate is located).

The third and final element of § 522(f)(1) follows this same course. Under this element of § 522(f)(1), a debtor may only avoid a judicial lien if it impairs an exemption to which the debtor would have otherwise been entitled. For this, the record in this case is devoid of any objection or argument made against the Debtors' right to claim an exemption in their residence under Ohio law. Accordingly, it can be presumed that the Debtors are, as claimed in their bankruptcy schedules, entitled to an exemption of $10,000.00 in their residence. O.R.C. § 2329.66. This exemption is also impaired within the meaning of § 522(f)(1).

In 1994, Congress, in an attempt to clear up some confusion which had existed over when a lien impaired a debtor's right to claim an exemption, amended § 522(f), adding a statutory formula for determining the extent to which a lien impairs an exemption.[1] As now set forth in § 522(f)(2)(A):

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

---

[1] Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, § 303, 108 Stat. 4106, 4132 (1994) (codified at 11 U.S.C. § 522(f)(2)(A)).

Page 4

In re: Douglas and Christy Jerew
Case No. 06-33252

When this formula is applied to those financial figures provided to the Court, the following calculation results:

$495,376.66 Sum of all Liens and Exemption

$226,024.66 – the two liens of the Fahey Bank, $79,998.60 and $144,026.06.

$259,352.00 – all other liens, constituting two mortgages in the amounts of $158,141.00 and $101,211.00.

$10,000.00 – the amount of the Debtors' exemption.

$100,140.00 Value of Debtors' interest absent liens

Taking then the Debtors' interest in their property, $100,140.00, and subtracting that amount from the sum of all the liens and exemptions claimed against their property, $495,376.66, an impairment of $395,236.66 results. This impairment subjects the liens of the Fahey Bank to avoidance under § 522(f)(1).

The Fahey Bank attacks the application of this formula, arguing that no impairment can exist because "the Debtors' interest is already encumbered by the mortgages which are attached to the property and superior to the Fahey Bank liens." (Doc. No. 57, at pg. 1). Additionally, it is the position of the Fahey Bank that even if its judicial liens are impaired, the liens can only be avoided up to the value of the Debtors' exemption. *Id.* at pg. 2. As now explained, neither of the points has merit.

The genesis of Fahey Bank's first argument may be said to arise from the principle that exemptions generally do not operate against consensual liens. *See* 35 C.J.S. *Exemptions* § 159 (2008). Ergo, in this matter there could be no impairment of the Debtors' exemption because the consensual mortgages encumbering their property, being significantly greater than the value of the

Page 5

**In re: Douglas and Christy Jerew**
**Case No. 06-33252**

property and being senior to Fahey Bank's judicial liens, deprived the Debtors of their ability to enjoy the benefits of the exemption. This approach, although not always viewed favorably, did find support. *See, e.g., Fitzgerald v. Davis (In re Fitzgerald)*, 729 F.2d 306, 308 (4th Cir. 1984) ("the extent to which the lien impairs a valid exemption depends on the amount of the debtor' equity in his property."). *Compare In re Brown*, 734 F.2d 119, 125 (2nd Cir.1984) ("the debtor is permitted, even if he lacks an equity interest in the property, to avoid the fixing of a judicial lien on the property if that avoidance would allow him to enjoy an exemption provided by § 522(b).").

However, there is now agreement that the 1994 amendment to § 522(f), by adding the formula set forth in § 522(f)(2)(A), eliminated the need for a debtor to demonstrate the existence of equity in their property in order to avoid the fixing of a judicial lien. *In re Higgins*, 201 B.R. 965, 967 (9th Cir. B.A.P. 1996). In particular, by adding the phrase, "to the extent that the sum . . . exceeds the value that the debtor's interest in the property would have in the absence of any liens," to the formula set forth in § 522(f)(2)(A), it is clear that Congress intended to eliminate the need for a debtor to have equity in property in order to avoid a judicial lien. *See, e.g., In re Freeman*, 259 B.R. 104, 110 (Bankr. D.S.C. 2001) (holding that the formula in section 522(f)(2)(A) creates equity for purposes of lien avoidance, even if debtors otherwise have no equity in the property).

Bolstering this position is the amendment's legislative history. The House Report, regarding the 1994 amendment to § 522, states that it overrules decisions involving several scenarios:

> The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the

Page 6

In re: Douglas and Christy Jerew
Case No. 06-33252

> lien. Unfortunately, a minority of court decisions, such as In re [Gonzalez] Gonzales, 149 B.R. 9 (Bankr.D.Mass.1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

H.R.Rep. No. 103-835, 103rd Cong., 2nd Sess. 52-53 (Oct. 4, 1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3361-62. This approach is also consistent with the past practice of this Court. *In re Miller*, 198 B.R. 500, 504 (Bankr. N.D.Ohio 1996).

The Court must also reject Fahey Bank's second argument – that its liens can only be avoided up to the value of the Debtors' exemption ($10,000.00). In *Holland v. Star Bank, N.A. (In re Holland)*, the Sixth Circuit Court of Appeals, applying the statutory formula of § 522(f)(2)(A), found that where the amount of the impairment exceeded the amount of the liens sought to be avoided, the liens could be avoided in full.151 F.3d 547, 549-50 (6th Cir. 1998). In this case, therefore, since the extent of the Debtors' impairment of their exemption, $395,236.66, exceeds the value of the judicial liens held by the Fahey Bank, $226,024.66, the liens are subject to avoidance in full.

Finally, against the Debtors' Motion to avoid their liens, the Fahey Bank made the following statements: First, "judicial liens which have attached to Debtors' property constitute in rem liability which is not discharged at the conclusion of a bankruptcy." (Doc. No. 57, at pg. 1). Second, "[i]n rem liability cannot be discharged, stripped off or canceled simply because it exceeds the value of the real property to which it is attached." *Id*. Thus, according to the Fahey Bank, the Debtors' "in rem liability survives the bankruptcy." *Id*. at pg. 3.

Regarding the statements made by the Fahey Bank, it is true that a fundamental tenet of bankruptcy jurisprudence holds that liens pass through a bankruptcy case unaffected by the discharge. *See, e g., Dewsnup v. Timm*, 502 U.S. 410, 418-19, 112 S.Ct. 773, 778-79, 116 L.Ed.2d 903 (1992) (under the Bankruptcy Act of 1898 and continuing through the Bankruptcy Code, it has

Page 7

**In re: Douglas and Christy Jerew**
**Case No. 06-33252**

been a general proposition of bankruptcy law that liens on real property passed through bankruptcy unaffected); *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy"); *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim-namely, an action against the debtor in personam-while leaving intact another-namely, an action against the debtor in rem"). This principle is codified in § 524, which limits the breadth of a bankruptcy discharge to only the personal liability of the debtor, and § 522(c), providing generally that liens on property are not subject to a debtor's claim of exemption.

However, the above principle, that liens against a debtor's property survive bankruptcy, is not an absolute constitutional mandate. *See generally United States v. Security Indus. Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). *See also In re Thompson*, 867 F.2d 416, 422 (7th Cir.1989) (addressing § 522(f), it was stated "lien avoidance is not a taking when it is authorized before the creditor makes the secured loan in question[.]"); *Holloway v. John Hancock Mut. Life Ins. Co. (In re Holloway)*, 81 F.3d 1062, 1063 (11th Cir. 1996) (a lien will survive discharge in bankruptcy, unless lien is avoidable and debtor has, in fact, taken timely steps to avoid it.). Hence, it may be abrogated by Congress, at least prospectively, when it enacts legislation pursuant to its powers under the bankruptcy clause of the United States Constitution. In *Patriot Portfolio v. Weinstein (In re Weinstein)*, the Court addressed the constitutional underpinnings of lien avoidance under § 522(f), explaining:

> no property interest was taken from the creditor because its property rights in the judicial lien were circumscribed by the federal lien avoidance provision in effect when those rights were created. Although the lien was a protected interest under the Fifth Amendment, at its inception, the lien was subject to and limited by the debtor's power to avoid the lien under § 522(f). Because § 522(f) was in effect when the creditor's lien arose, no taking occurred when the lien was later avoided under that provision.

164 F.3d 677, 686 (1st Cir. 1999) (internal quotations and citations omitted).

Page 8

**In re: Douglas and Christy Jerew**
**Case No. 06-33252**

Section 522(f) serves as but one example of Congress having exercised its power to allow the cancellation of a creditor's *in rem* interest in property by affording debtors the power to avoid judicial liens that impair otherwise valid exemptions. Other examples of where Congress has provided for the avoidance of liens through the bankruptcy process include: § 506(d), providing that "[t]o the extent the lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ."; and § 544(a), allowing a trustee to avoid liens that are not properly perfected.

Consequently, the general principle, that liens pass through bankruptcy, does not serve to protect the judicial liens of Fahey Bank where, as here, a specific provision of the Bankruptcy Code, § 522(f), provides for the avoidance of the liens. To this end, the operation of 522(f), as an exception to the general rule that liens pass through bankruptcy, was expressly recognized by the Supreme Court in *Farrey v. Sanderfoot*, wherein it was explained:

> Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property. Ordinarily, liens and other secured interests survive bankruptcy. In particular, it was well settled when § 522(f) was enacted that valid liens obtained before bankruptcy could be enforced on exempt property, including otherwise exempt homestead property. Congress generally preserved this principle when it comprehensively revised bankruptcy law with the Bankruptcy Reform Act of 1978. But Congress also revised the law to permit the debtor to avoid the fixing of some liens.
>
> Section 522(f)(1), by its terms, extends this protection to cases involving the fixing of judicial liens onto exempt property.

500 U.S. at 297, 111 S.Ct. at 1829. *See also In re Ashe*, 712 F.2d 864, 867 (3rd Cir. 1983) ("as early as 1913 it was settled that Congress had authority under the bankruptcy clause of the Constitution to set aside judicial liens for the purpose of enforcing the provisions of the exemption laws it chose to recognize.").

Page 9

In re: Douglas and Christy Jerew
Case No. 06-33252

In conclusion, the Court finds that the arguments, as raised by the Fahey Bank in opposition to the Debtors' Motion to Avoid Lien, are without merit. Consequently, since the Debtors, based upon the findings made herein, have sustained their burden under 11 U.S.C. § 522(f)(1), the Court will grant the Debtors' Motion to avoid the judicial liens of the Fahey Bank. Consistent with this decision, the Debtors may file, for this Court's review, a proposed judgment for recordation in the appropriate public office(s).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Debtors, Douglas and Christy Jerew, to Avoid Judicial Liens on Residential Real Estate, be, and is hereby, GRANTED.

Dated: January 30, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 10

# **_CERTIFICATE OF SERVICE_**

Copies were mailed this 30th day of January, 2009, to the following parties:

Christy J. Jerew
951 Charleston Way Dr
Westerville, OH 43081

James P Luton
131 S Prospect St
Marion, OH 43302

Douglas M Jerew
358 Whitmore Ave
Marion, OH 43302

Ryan A Zerby
28 N Main St
Kenton, OH 43326

William L Swope
221 S Main St
Findlay, OH 45840

Robert Wilson
181 S Main St
Marion, OH 43302

Erica A Probst
88 W Mound St
Columbus, OH 43215

Office of the U.S. Trustee
201 Superior Ave, E
#441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court